# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| AMANDA LYNN HARNER-BRADY, *Plaintiff* | § § § |
| v. | § § Case No. 1:24-CV-00225-RP-SH |
| TEXAS CIVIL COMMITMENT OFFICE, MARSHA MCCLANE, APRIL LAMBERT, KARA GOUGLER and SHELLY GRAHAM, *Defendants* | § § § § § § |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Amanda Lynn Harner-Brady's Complaint (Dkt. 1) and Motion to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed February 29, 2024. The District Court referred this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

### I.   Background

Plaintiff Amanda Lynn Harner-Brady brings this civil rights suit under 42 U.S.C. § 1983 against the Texas Civil Commitment Office ("TCCO"); Marsha McLane, in her official capacity as the Executive Director of the TCCO; Kara Gougler, Director of Case Management of the TCCO; April Lambert, a case manager for the TCCO; and Shelly Graham, a contractual therapist for the TCCO.

1

Plaintiff alleges that she was terminated from her position as a medical assistant with the TCCO in 2021 "for sending and receiving messages to and from" TCCO inmate Felton Bernard Brady Jr. Complaint, Dkt. 1 ¶ 12. Plaintiff married Brady the next year, in April 2022. *Id.* ¶ 14. She alleges that Defendants have put "unreasonable restrictions" on communications with her husband, in violation of her First Amendment rights and in retaliation for her speech against the TCCO. *Id.* ¶ 35. Plaintiff seeks monetary damages and injunctive and declaratory relief. She also seeks leave under 28 U.S.C. § 1915(a)(1) to file her Complaint without having to pay the filing fee.

## II.  Plaintiff's Financial Status

Under 28 U.S.C. § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security thereof" if the plaintiff shows by affidavit that she is unable to pay such fees or security. "A district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). To determine whether a particular order causes "undue financial hardship," a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A plaintiff need not "be absolutely destitute" or spend "the last dollar they have" towards the payment of court costs to enjoy the benefit of in forma pauperis status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, "an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" *Id.*

Plaintiff alleges in her affidavit that she currently earns $2,800 per month; has $100 in her bank account; her regular monthly expenses are around $2,600; and she has $29,000 in outstanding debts. *Id.* at 2. Based on these representations, the Court finds that Plaintiff cannot pay the filing

fee without experiencing undue financial hardship. Accordingly, the Court hereby **GRANTS** Plaintiff's Application for *in forma pauperis* status. Plaintiff is advised that her *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is also advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III.   Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under 28 U.S.C. § 1915(e). A court may summarily dismiss or partially dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Some of Plaintiff's claims in this suit are barred by sovereign immunity and must be dismissed. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment to the U.S. Constitution codified the sovereign immunity of the states and prohibits federal courts from entertaining "a private person's suit against a State" absent state waiver or appropriate legislation by Congress. *Id.* at 253-54. "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against "state agencies and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

"Similarly, lawsuits brought against employees in their official capacity 'represent only another way of pleading an action against an entity of which an officer is an agent,' and they may also be barred by sovereign immunity." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985)). But under *Ex parte Young*, 209 U.S. 123, 167-68 (1908), a plaintiff may sue a state official in her official capacity if the suit seeks prospective injunctive relief to redress an ongoing violation of federal law. "The exception rests on a legal fiction, the premise that a state official is 'not the State for sovereign-immunity purposes' when 'a federal court commands [him or her] to do nothing more than refrain from violating federal law.'" *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (quoting *Stewart*, 563 U.S. at 255). In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation omitted).

Plaintiff brings this civil rights suit under 42 U.S.C. 1983 against the TCCO, a state agency,[1] and TCCO Executive Director McLane in her official capacity. It is unclear whether Plaintiff sues Defendants Lambert, Gougler, and Graham in their official or unofficial capacities. Plaintiff seeks (1) monetary damages "for the emotional distress and harm caused by the Defendants' actions" against all Defendants; (2) injunctive relief "ordering the Defendants to cease the unconstitutional restrictions on communication between the Plaintiff and her husband"; and (3) judgment declaring Defendants' actions unconstitutional and in violation of the First Amendment. Dkt. 1 §§ V-VI.

---

[1] Tex. Gov't Code Ann. § 420A.002(a) (West 2017) ("The Texas Civil Commitment Office is a state agency."); *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021) ("TCCO, a state agency, enjoys sovereign immunity unless the Legislature waives it.").

As a state agency, the TCCO is entitled to Eleventh Amendment immunity from Plaintiff's suit unless Texas has waived immunity or Congress has abrogated it. *Lewis*, 581 U.S. at 1290. Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015); *Whitehead v. Curbo*, 583 F. Supp. 3d 836, 842 (S.D. Tex. 2022). The TCCO is entitled to Eleventh Amendment immunity, and Plaintiff's claims against it must be dismissed.

Plaintiff's claims against the individual defendants in their official capacities for monetary damages also are barred by the Eleventh Amendment. *Lewis*, 581 U.S. at 162. But her claims for prospective injunctive relief against Defendants McLane, Lambert, Gougler, and Graham in their official capacities are not barred by the Eleventh Amendment. *Ex parte Young*, 209 U.S. at 167-68. Any potential claims against the Defendants in their individual capacities also may not be barred by sovereign immunity. *Lewis*, 581 U.S. at 163.

Accordingly, Plaintiff's claims for prospective injunctive relief against the individual defendants in their official capacities survive at this stage of the case. Her claims for monetary relief against Defendants Lambert, Gougler, and Graham in their individual capacities also survive frivolousness review.

## IV.  Order and Recommendation

The Court **GRANTS** Plaintiff's Motion to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff's Complaint (Dkt. 1) to be filed without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).

This Magistrate Judge also **RECOMMENDS** that the District Court **DISMISS** under 28 U.S.C. § 1915(e)(2)(B) Plaintiff's claims against Defendant Texas Civil Commitment Office and all claims for monetary relief against Defendants Marsha McLane, April Lambert, Kara Gougler, and Shelly Graham in their official capacities.

If the District Court adopts this Report and Recommendation, Plaintiff's claims (1) for prospective injunctive relief against Defendants Marsha McLane, April Lambert, Kara Gougler, and Shelly Graham in their official capacities, and (2) against Defendants Lambert, Gougler, and Graham in their individual capacities, will remain pending.

The Court **ORDERS** that the Clerk issue summons against Defendants Marsha McLane, April Lambert, Kara Gougler, and Shelly Graham and **ORDERS** the United States Marshals Service to attempt service without pre-payment of a service fee.

The Court **FURTHER ORDERS** that the Clerk remove this case from the Magistrate Court's docket and return it to the docket of the Honorable Robert Pitman.

### V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 19, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE