UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA LYNN HARNER-BRADY, | § | No. 1:24-CV-225-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| MARSHA MCLANE, *in her official Capacity as the Director of the Texas Civil Commitment Office*, et al. | § | |
| | § | |
| *Defendants* | § | |

ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Susan Hightower (the "Report") issued on January 31, 2025. (Dkt. # 35.) Also before the Court are: (1) Defendant Shelly Graham, Ph.D., LCP, LSOTP's Motion to Dismiss Under Rule 12(b)(6) (Dkt. # 18), filed May 13, 2024; (2) Plaintiff Amanda Lynn Harner-Brady's Application for an "Emergency Temporary Injunction"[1] (Dkt. # 20), filed June 7, 2024; (3) Defendants' Motion for Judgment on the Pleadings (Dkt. # 22), filed June 17, 2024; and (4) Plaintiff's

---

[1] The Court construes this filing by Plaintiff, who is proceeding *pro se*, to be an Application for a Preliminary Injunction.

1

Motion to Amend Complaint (Dkt. # 27), filed July 19, 2024.[2] On November 7, 2024, this case was reassigned to the undersigned. (Dkt. # 34.) All pending motions were referred to Magistrate Judge Susan Hightower on November 20, 2024, and on January 31, 2025, the Report and Recommendation was issued. (Dkt. # 35.) On March 12, 2205, Plaintiff timely filed objections to the Report, after the Court granted multiple requests for extension. (Dkt. # 39.)

       The Court finds this matter suitable for disposition without a hearing. After de novo review of the portions of the Report to which objection has been made, as well as careful consideration of the record and the governing law, the Court **ADOPTS** the Report in full as the opinion of the Court (Dkt. # 35). Accordingly, the Court: (1) **GRANTS** Defendant Shelly Graham's Motion to Dismiss (Dkt. # 18); (2) **GRANTS** Defendants' Marsha McLane, Kara Gougler, and April Lambert's Motion for Judgment on the Pleadings (Dkt. # 22); (3) **DENIES** Plaintiff's Application for a Preliminary Injunction (Dkt. # 20); (4) **DENIES** Plaintiff's Motion to Amend Complaint (Dkt. # 27); and (5) **DISMISSES** Plaintiff's Claims **WITH PREJUDICE.**

---

[2] On August 29, 2024, the Court granted a stay of discovery and all other proceedings pending resolution of the pending motions.

BACKGROUND

Plaintiff Amanda Lynn Harner-Brady ("Plaintiff"), proceeding *pro se*, brings this civil rights suit under 42 U.S.C. § 1983 against the Texas Civil Commitment Office ("TCCO") and its Executive Director Marsha McLane, Director of Case Management Services Kara Gougler, Case Manager April Lambert, and contractual therapist Dr. Sarah Graham.  (Dkt. # 35 at 1.)  Plaintiff alleges that Defendants violated her constitutional rights when they denied her contact with her husband, Felton Bernard Brady Jr., who is civilly committed as a Sexually Violent Predator ("SVP") at the Texas Civil Commitment Center ("TCCC") in Littlefield, Texas.  (Id.)

Plaintiff alleges the following in her Complaint (Dkt. # 1): Plaintiff worked as a medical assistant at the TCCC from December 2018 to April 2021.  Id. at ¶ 10.  Plaintiff and Brady "grew close."  Id. at ¶ 11.  In April 2021, Plaintiff was fired from her position "for sending and receiving messages to and from" Brady.  Id. at ¶ 12.  Brady later was arrested "for not registering his online identifier" and sent to Lamb County Jail in Littlefield, Texas.  Id. at ¶ 13.

Plaintiff and Brady "were married in Holy Matrimony by an ordained minister on April 9, 2022, at the Lamb County Jail."  Id. at ¶ 14.  Plaintiff allegedly co-founded an activist group that opposes civil commitments called "Families Against Committing Texans Stand Up (F.A.C.T.S)."  Id. at ¶ 21.  Plaintiff has

3

participated in protests of the TCCC and testified at a hearing before a Texas Senate committee about "maltreatment" of TCCC inmates. Id. at ¶¶ 21–22.

On March 1, 2023, Brady was released from Lamb County Jail and returned to the TCCC. Id. at ¶ 25. Plaintiff contacted the TCCC and asked to be approved as her husband's "collateral contact." Id. at ¶ 26. Lambert denied Plaintiff's request because she "was not a pro-social contact," but stated that "the matter could be revisited at a later date." Id. at ¶ 27. Plaintiff alleges that she was "immediately denied all forms of contact" with Brady, yet also alleges that she had several supervised phone conversations with him. Id. at ¶¶ 27, 32–33. Lambert and Gougler gave Plaintiff "a list of assignments to complete to be approved as a collateral contact." Id. at ¶ 28. Plaintiff completed most of these assignments, but refused to sign a HIPAA release form that would have allowed TCCO to speak to her therapists. Id. at ¶ 29. Plaintiff also attended and allegedly completed "chaperone training" with Graham and wrote a "treatment program" for Brady that was rejected by TCCO. Id. at ¶¶ 31, 34. Plaintiff alleges Graham refused to issue her a chaperone certificate. Id. at ¶ 34.

In her Complaint, Plaintiff alleges that Defendants' "unreasonable restrictions on communication with [her] husband" (1) violate her First Amendment right to association, (2) were in retaliation for exercising her First Amendment rights, and (3) violated her Fourth Amendment rights. (Dkt. # 1 at

¶ 35.) She seeks a preliminary injunction allowing her to communicate and have in-person visits with Brady; a declaratory judgment that Defendants violated her constitutional rights; as well as monetary damages, attorney's fees, and costs.

Prior to reassignment to the undersigned, the Court dismissed Plaintiff's claims against TCCO and her claims for monetary relief against the individual defendants in their official capacities with prejudice. (Dkt. # 11.) Her claims for prospective injunctive relief against the individual defendants in their official capacities and her claims against the individual defendants in their individual capacities remain pending. McLane, Gougler, and Lambert have moved to dismiss the remaining claims based on lack of standing, sovereign immunity, qualified immunity, and failure to state a claim for relief. Graham also moves to dismiss for failure to state a claim for relief. Plaintiff has opposed the motions and requests a preliminary injunction and leave to amend her Complaint.

The Magistrate Judge recommended the Court (1) grant Defendant Shelly Graham's Motion to Dismiss (Dkt. # 18); (2) grant Defendants' Marsha McLane, Kara Gougler, and April Lambert's Motion for Judgment on the Pleadings (Dkt. # 22); (3) deny Plaintiff's Application for a Preliminary Injunction (Dkt. # 20); (4) deny Plaintiff's Motion to Amend Complaint (Dkt. # 27); and (5) dismiss Plaintiff's Claims with prejudice. (Dkt. # 35.)

## LEGAL STANDARD

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Having reviewed the Report and Recommendation, the relevant filings, and the applicable law, the Court finds no error in Judge Hightower's well-reasoned analysis. Accordingly, all portions of the Report to which no parties have objected are hereby **ADOPTED** as the opinion of the Court.

I.      <u>Motion to Dismiss and Motion for Judgment on the Pleadings</u>

First, the Court agrees with the Report's conclusion that Plaintiff failed to allege a First Amendment violation because the restrictions on Plaintiff's communications with her husband, an SVP, were reasonably related to legitimate penological interests. See <u>Dunsmore v. McLane</u>, No. 21-50541, 2022 WL 3210681, at *1 2 (5th Cir. 2022) (unpublished per curiam) (applying the <u>Turner v. Safley,</u> 482 U.S. 78 (1987) framework when analyzing an SVP's claim that a TCCO policy violated his First Amendment rights).³ <u>See also</u> <u>Overton v. Bazzetta,</u> 539 U.S. 126, 133–35 (2003) (holding that prison regulations excluding certain family members and former inmates from visits were rationally related to legitimate penological objectives and did not violate substantive due process or free association guarantee of the First Amendment). Further, Plaintiff acknowledges in her Complaint that she was not denied all contact with Brady and admits that she did not fully comply with TCCO's prerequisites for contact. Because the restrictions on Plaintiff's communications with her husband were reasonably related to legitimate penological interests, Plaintiff has not alleged a First Amendment violation.

---

³ The Magistrate Judge noted, and the Court agrees that even though "the unpublished opinion in <u>Dunsmore</u> is not precedent under 5th Circuit Rule 47.5.4, the Court finds that the facts are on nearly all fours with this case and the analysis is instructive." (Dkt. # 35 at 10.)

Additionally, the Court agrees with the Report's conclusion that Plaintiff failed to adequately allege that Defendants violated her First Amendment rights by retaliating against her and denying her communication and contact with Brady after she engaged in "legislative testimonies and advocacy." (Dkt. # 1 at ¶ 43.)  As the Magistrate Judge correctly found, Plaintiff has failed to allege her speech was curtailed, has failed to allege Defendants had knowledge of her First Amendment activities, and has failed to allege any facts showing a causal connection between her First Amendment activities and the communication restrictions.  See Dkt. # 35 at 12–13. See also Lozano v. Smith, 719 F.2d 756, 768 (5th Cir. 1983) (a §1983 plaintiff must establish a causal connection between an alleged constitutional deprivation and each defendant whom he would hold responsible).  A civil rights plaintiff cannot simply make generalized allegations or assert legal or constitutional conclusions to satisfy the causation requirement.  Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992).  To sustain her complaint, a plaintiff must instead state particular facts specifying the personal involvement of each defendant.  Fee v. Herndon, 900 F.2d 804 (5th Cir.) cert. denied, 498 U.S. 908 (1990).  Here, Plaintiff has not done so.

Finally, the Court agrees with the Report's conclusion that Plaintiff has also failed to plead a Fourth Amendment violation.  Plaintiff does not allege that she was unreasonably searched or seized, but rather that she has experienced

anxiety and depression as a result of Defendants' actions. This is insufficient to support a violation of her Fourth Amendment rights.

Accordingly, the Court **ADOPTS** the Report's conclusions and **GRANTS** the Motion to Dismiss (Dkt. # 18) and the Motion for Judgment on the Pleadings (Dkt. # 22.) As discussed below, Plaintiff's proposed Amended Complaint fails to correct the Complaint's pleading deficiencies. Thus, Plaintiff's claims are dismissed **WITH PREJUDICE.**

II.     Plaintiff's Application for Preliminary Injunction

The Court liberally construes' Plaintiff's "Motion for Emergency Temporary Injunction" (Dkt. # 20) as an Application for Preliminary Injunction. The Court agrees with the Magistrate Judge that Plaintiff has failed to carry her burden under Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008). Because Plaintiff does not plausibly allege that her constitutional rights were violated, she has not shown that she is likely to succeed on the merits. Accordingly, Plaintiffs' application for preliminary injunction is **DENIED**. (Dkt. # 20.)

III.    Plaintiff's Motion to Amend

Plaintiff seeks leave to file an amended complaint. (Dkt. # 27.) She attaches a copy of her Proposed Amended Complaint, alleging the same facts and

9

claims as her original Complaint and adding a "Fourteenth Amendment Right to Professional Clinical Judgment" claim. (Dkt. # 27-1.)

Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 425 (5th Cir. 2004). Amendment is futile where it "would fail to state a claim upon which relief could be granted." Stripling v. Jordan Prod. Co., 234 F.3d 863, 872–73 (5th Cir. 2000).

Here, the Court agrees with the Magistrate Judge that Plaintiff's Proposed Amended Complaint does not cure her pleading deficiencies and similarly fails to state a plausible constitutional claim under Section 1983. Accordingly, the Motion to Amend is **DENIED.** (Dkt. #27.)

IV.     Plaintiff's Objections

Plaintiff has filed several objections to the Report. (Dkt. # 39.) Even affording Plaintiff the full benefit of her *pro se* status, the filing raises no new arguments of substance. A district court need not consider "[f]rivolous, conclusive, or general objections." Battle, 834 F.2d at 421. The Court finds that Plaintiff's objections do not identify any specific factual error or legal

10

misapplication warranting rejection of the Magistrate Judge's conclusions. Accordingly, the Court **OVERRULES** Plaintiff's objections.

CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Susan Hightower's Report and Recommendation (Dkt. # 35) in full and:

(1) **GRANTS** Defendant Shelly Graham's Motion to Dismiss (Dkt. # 18);

(2) **GRANTS** Defendants' Marsha McLane, Kara Gougler, and April Lambert's Motion for Judgment on the Pleadings (Dkt. # 22); (3) **DENIES** Plaintiff's Application for a Preliminary Injunction (Dkt. # 20); (4) **DENIES** Plaintiff's Motion to Amend Complaint (Dkt. # 27); and (5) **DISMISSES** Plaintiff's Claims **WITH PREJUDICE.**

The Clerk is **INSTRUCTED** to **ENTER FINAL JUDGMENT** in favor of Defendants and to **CLOSE THE CASE.**

**IT IS SO ORDERED**.

**SIGNED:** Austin, Texas, June 11, 2025.

_____
Hon. David Alan Ezra
Senior U.S. District Judge